UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
**JAN -7 2020**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Thomas Petoff, )
)
    Plaintiff, )
)
v. )   Civil Action No. 19-3558 (UNA)
)
Donald Trump *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of the complaint and plaintiff's application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's action upon a determination that the complaint fails to state a claim upon which relief may be granted).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff is a prisoner incarcerated at the Federal Correctional Institution in White Deer, Pennsylvania. He has sued President Donald Trump, Attorney General William Barr, and several other federal officials under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff claims that the defendants "are legally responsible for withholding documents necessary for any criminal defense." Compl. ¶ IV. But the FOIA "only authorizes suits against certain executive branch 'agencies,' not individuals."

*Flaherty v. IRS*, 468 Fed. App'x 8, 9 (D.C. Cir. 2012) (citing 5 U.S.C. § 552(f)(1); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006)).

Apart from naming the wrong defendants, plaintiff does not allege that an agency has improperly withheld records responsive to a properly submitted FOIA request. *See McGehee v. CIA.*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (FOIA jurisdiction "is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records") (citation and internal quotation marks omitted)); *Marcusse v. U.S. Dep't of Justice Office of Info. Policy*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (An "agency's disclosure obligations are triggered by its receipt of a request that 'reasonably describes [the requested] records' and 'is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed.'") (quoting 5 U.S.C. § 552(a)(3)(A)). Rather, plaintiff alleges that he requested documents "twice (from the clerk of courts then FOIA), then filed a 'Motion for Disclosure' in his criminal case . . . to no avail. or even response." Compl. ¶ VI. 10 (parenthesis in original). The FOIA "adopts the definition of agency contained in 5 U.S.C. § 551(a)(1)(b), which specifically excludes from its coverage 'the courts of the United States.'" *Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 40 (D.D.C. 2003) (citing 5 U.S.C. § 552(f)).

Plaintiff has stated no viable claim under the FOIA; therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

United States District Judge

Date: Dec. 31, 2014

2